IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEZMOND D. WEAVER                                                                    PETITIONER

v.                                         Civil No. 1:21-cv-01002

WARDEN EARL                                                                          RESPONDENT

## REPORT AND RECOMMENDATION

On January 8, 2021, DEZMOND D. WEAVER ("Weaver") submitted this *habeas corpus* action pursuant to 28 U.S.C. § 2254. ECF No. 1. Weaver is proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States Chief District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Weaver's failure to comply with an order of the Court.

Weaver submitted the instant Petition in this matter on January 8, 2021. He did not pay the required filing fee nor did he seek to proceed *in forma pauperis* and the petition was provisionally filed pending payment of the filing fee. On January 8, 2021, the Court entered its order directing Weaver to either pay the filing fee or file an application to proceed *in forma pauperis* on or before February 8, 2021. ECF No. 2. The Order warned that afailure to comply could result in dismissal of his petition. This Order was mailed to Weaver on the same day by the Clerk, along with the Court's standard form for an application to proceed *in forma pauperis*. As of today's date, Weaver has not paid the filing fee nor has he filed a request of any type seeking to proceed *in forma pauperis*. The Order and application form have not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Weaver has failed to obey an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), I recommend Weaver's Petition in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 22nd day of February 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE